## In re CENTRAL LIGHT & FUEL CO.

No. 5672.   Opinion Filed December 8, 1914.

(144 Pac. 1045.)

TAXATION—Assessment by State Board of Equalization—Sufficiency of Evidence.  Plaintiff in error returned to the State Board of Equalization for taxation property valued at $126,763.16.  Upon a hearing before that board, the value was raised to $202,820.  From the action of the state board, an appeal is prosecuted to this court.  A referee was appointed to take testimony and make findings of fact and report to this court.  He finds that the value of appellant's property, as found by the board, was correct, and recommends that the assessment be sustained.  The evidence shows that, upon the value fixed by the board, the property has earned an average net income for the last three years of more than ten per cent.  Held, that the finding of the referee is amply sustained by the evidence, and that it does not appear from the entire record that any injustice has been done, and that the report should be confirmed.

(Syllabus by the Court.)

*Appeal from State Board of Equalization;*

*E. G. Spilman, Referee.*

Appeal by the Central Light & Fuel Company against an assessment of its property by the State Board of Equalization.

Report of referee confirmed, and assessment by the State Board of Equalization affirmed.

*Sherman, Veasey & O'Meara,* for appellant.

*Chas. West,* Atty. Gen., and *S. I. McElhoes,* Asst. Atty. Gen., for the State.

RIDDLE, J. This is an appeal from the action of the State Board of Equalization assessing the property of plaintiff in error in the sum of $202,820, for the purpose of taxation for the year 1913. A hearing was had before said board on June 27, 1914. On August 13th the board found the value of the property for the purpose of taxation, as above stated. Plaintiff in error made a return of its property in the sum of $126,763.16. From the action of the State Board in raising the value of said property to the amount above stated, this appeal is prosecuted. Plaintiff in error, in its petition in error, alleges for a reversal:

"That the assessment by the State Board of Equalization, as above set forth, is invalid, for the reason that the only evidence heard, offered, and considered by the State Board of Equalization was the annual return of Central Light & Fuel Company showing the fair cash value of the property belonging to or controlled by or in process of construction for said Central Light & Fuel Company on the 1st day of February, 1913; and the excessive assessed valuation of said property, as fixed by the State Board of Equalization, over and above the fair cash value of said property, as shown by the said annual return of said company and uncontradicted by evidence, is invalid and illegal, and contrary to the rule for valuation laid down by the statutes of Oklahoma relating to taxation and revenue."

Upon the filing the record in this court on April 21, 1914, E. G. Spilman, Esq., a member of the Oklahoma City bar, was appointed referee to take the testimony and make his findings of fact and conclusions of law and report to this court. On the 4th day of June, 1914, the referee filed his findings and report in this court. That part of the finding material here is substantially as follows:

That in October, 1912, all the stock and property of the company sold for $200,000 cash; that bonds were issued by the company in the sum of $200,000 and distributed among its stockholders; that said bonds represented the capital stock. The referee further finds that the company's statement for 1912 shows an income account of $91,858.87, in which is charged bond interest of $16,000, leaving a net profit for 1912 of $1,791.47; that the entire mileage of the plant amount to 60 miles; that in estimating the value of the property for assessment, as shown by the return made by the company, the company did not take into consideration the value of the franchise, or the value as a going concern; and that it also charged to the expense account the interest paid annually on its bonds which are owned by the stockholders. He further finds that the total earnings of the company are 8 per cent. on $224,268. He concludes, as a matter of law, that the assessment was in every respect regular and sustained by the evidence, and should be confirmed.

Plaintiff in error has filed its exceptions to the finding of the referee, which are as follows:

"(1)   The report is unintelligible, and there is no separation of findings of fact and conclusions of law.

"(2)   The evidence shows that all the stock and bonds of the company were, at one time, sold for $200,000, and that this sale included everything the company had, including two oil leases which it did not own at the time of the assessment.

"(3)   Further, because the referee's findings do not show that any property was omitted, or that any physical property was assessed too low.

"(4)   Because he finds that the net income should be charged at $17,841.47, instead of at $1,791.47, and, then, as a means of fixing the value of the company's property, he estimates what amount would be necessary at 8 per cent. to yield these earnings, and finds that the amount should be $224,000 in round numbers, utterly ignoring the nature of the business and the depreciation of the property.

"(5)   Again, he finds that the company has an exclusive franchise, when, as a matter of fact, the state insists that it has not, and the state insists that it has the right, under this company's charter, to fix the rates, and, if this be true, the franchise has no value."

The burden of the argument of plaintiff in error why the referee's report should not be confirmed and why the judgment of the State Board of Equalization should be reversed is that the property owned by plaintiff in error rapidly depreciates in value, and that neither the board nor the referee took into consideration this element in placing the taxable value thereon.   The referee based his findings upon the testimony of C. C. Cantrell, manager of the company, and upon exhibits in the record in the nature of reports made by the Company to the Corporation Commission, which witness testified were correct.   It is shown from the record that the average net income of appellant's property per year, as shown from reports filed with the Corporation Commission for the years 1910, 1911, 1912 and 1913, is $37,943.09, after allowance for operating expenses, taxes, maintenance, etc., the average sum of $12,-922.65 per year, and after allowing 5 per cent. for depreciation. It is clear to us that the report of the referee is amply sustained by the evidence; that the interest paid on the $200,000 bonds, which bonds are held by the stockholders, should not be deducted from the net profits in fixing the taxable value, for the reason it is shown that this interest is paid to the stockholders in lieu of dividends on stock; or, in other words, the bonds in the sum of $200,000, in effect, represent the capital stock, and the dividends are paid in the nature of interest on these bonds; and, in addition to the fact that the referee's report is amply sustained by the evidence, we are not convinced that any injustice has been done plaintiff in error; and it is not seriously contended that the property, as a matter of fact, as a going concern, is not worth actually the amount for which it was assessed by the State Board. It does not appear from the evidence that this property shows any appreciable decrease in value in the past two or three years;

and we are not warranted in presuming that, when the time does come when these properties will show a material depreciation in value, the taxing authorities will deal unjustly with it.    Contention is made, however, that the raise the State Board made included cash in bank of $11,002.16.    While it is true the State Board would have no authority to increase the value of cash where the amount given was the true amount, we find nothing in the record to justify the assertion that it was done in this case.    The board simply increased the total valuation returned by appellants, and as a part of its properties was the amount of cash referred to.    But, if the evidence sustains on a whole the assessment as made by the State Board, then there is no merit in the complaint that the amount of cash on deposit was increased, to the prejudice of the company.

Being of the opinion that the finding of the referee is sustained by the evidence, and that no injustice has been done, his report is confirmed, and the assessment made by the State Board of Equalization will likewise be affirmed.

All the Justices concur.